The People
*vs.*
John Sheahan

fected by the prisoner, before that paper could be given in
evidence.

Mr. *Maxwell* then called captain Hebber, who proved
the facts before related... His Honor, the Recorder, ob-
served, that it was a proper subject to be left to the consid-
eration of the jury, whether it was a counterfeit bill or not;
and whether the prisoner destroyed it, knowing it to be
counterfeit.  -

The jury found a verdict—not guilty.

---

## The People *vs.* John Sheahan.    *Petit Larceny.*

JOHN SHEAHAN was indicted for a petit larceny of 6
Fur Caps, the property of Augustus F. Dettreich.

On a charge
of construct-
ive larceny,
the Court will
leave it to the
jury, under all
the circum-
stances of the
case, to decide
whether the
defendant is
guilty or not.

The facts of the case appeared as follows : it was prov-
ed that the prisoner kept a store, or rather a cellar, at the
corner of Ferry and Pearl Streets, for the sale of oranges,
&c. : that in consequence of information obtained by the
police, Mr. Conklin and Mr. Homan was authorized to
search the premises of the prisoner. They went there for
that purpose, and upon examining a trunk in the cellar,
found among other articles, three of the hats claimed and
identified by Mr. Dettreich as his property.

Upon their going into the cellar, the prisoner seemed
unwilling they should search his premises, but afterwards
consented, and a search was made. They found the three
hats in a trunk, and upon questioning the prisoner where
he got them, he answered that they were purchased by
him at auction ; these articles, with a variety of others,
were brought to the police office by Messrs. Homan and
Conklin.

Sheahan was also brought to the police office, examined and committed for trial.

These facts were made out by witnesses examined on the part of the people, and *Maxwell, District Attorney,* rested the prosecution.

*Sampson* and *D. Graham,* counsel for the prisoner, examined a number of witnesses, to prove that the defendant had sustained a good character ; that a certain Quigley, whom they alleged had been subpœnaed, and who had clandestinely left the city in consequence of this prosecution, was the person who stole the articles, and rested their defence upon several grounds ; to wit, the dangerous tendency of constructive felony, when stretched to the extent this case would seem to imply ; that the circumstances of this case were suspicious ; that they had shown the court that the prisoner had heretofore sustained a most excellent character ; that no man in the community would be safe if a conviction could take place on circumstances so doubtful and suspicious. They contended the character of the prisoner ought to preponderate in a doubtful case like the present.

*Maxwell, District Attorney,* contended that he thought the case such a one as demanded the serious attention of the Court : that it was true the evidence against the prisoner was of that species denominated presumptive evidence, but that the circumstances against him were so numerous, and of such a nature, as to leave little doubt on his mind, of the guilt of the prisoner. That the articles were stole on the 25th of January, and part of them were found by the police officers in the dark cellar, the premises of the prisoner, secured in a trunk : that after they were found, and upon inquiry where he obtained them, he answered he had purchased them at auction ;

NEW-YORK
Feb. 1823

The People
vs.
John Sheahan

CityHall,Rec
Vol. 1. p. 11,
82, and 132.

but that now the defence set up by him was, that they were left at his house by a Mr. Quigley; that it was true the counsel for the prisoner had called a number of respectable witnesses, who gave him a good character, but it was very common to see on the trial of a prisoner arraigned for the most notorious crimes, a number of witnesses testify to his good character, even where the evidence was of the most conclusive nature, and his character the most infamous.

*By the Court.*.—" The prisoner, John Sheahan, is in- " dicted for stealing six fur caps, the property of Augus- " tus F. Dettreich. The evidence against the prisoner is "that kind in law denominated circumstantial or presump- "tive evidence. This kind of evidence is peculiarly prop- " er for the consideration of a jury. There are some cir- " cumstances against the prisoner.

1. " He was found in possession of the stolen articles.

2. " He refused to give any account how they came into " his possession.

3. " They were found in a dark cellar, secured in a " trunk.

4. " He refused, at first, to afford the officers any facili- " ties to search the premises, but afterwards consented.

" There are other circumstances in his favor.

1. " The chest in which the articles were was not locked.

2. " The stolen property was found on the top of the " trunk.

3. " There were six hats stolen, and but three found.

4. " It appears the articles were stolen in the day time, " the prisoner was lame, a circumstance that would prob- " ably have attracted the attention of the prosecutor to his " person, if he had been in the store.

5. " A number of respectable witnesses have testified " that the prisoner heretofore sustained a good character."

And the Court left it to the jury to say, from all the circumstances of the case, whether the prisoner was guilty or not guilty.

The prisoner was acquitted.